## HIGGINS *v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Supreme Court, General Term, First Department.*  March 31, 1892.)

1. ABATEMENT AND REVIVAL—DEATH OF PARTY—SUBSTITUTION OF DEVISEE.
    In an action under Code Civil Proc. § 1638, to determine the title to real property if plaintiff dies while the action is pending, his devisee can be compelled to proceed with the action in his place, under section 757 of the Code, which provides that, in case of the death of a sole plaintiff or defendant, if the cause of action survives, the court must, upon motion, allow or compel the action to be continued by his successor in interest.

2. SAME—NEW TRIAL AS OF RIGHT.
    The judgment having been once vacated prior to the order of substitution, the devisee's claim that the order directing him to continue the action under the order of vacation deprives him of a new trial, to which he would be entitled under Code Civil Proc. §§ 1525, 1646, if the action had never been commenced by his predecessor in title, has no weight, because, when he takes the devise, he takes it subject to all its incumbrances, of which the pendency of the action is one.

Appeal from special term, New York county.

Action by Elias S. Higgins against the mayor, aldermen, and commonalty of the city of New York to compel the determination of a claim to real property.  The judgment for defendant was vacated on motion, pursuant to Code Civil Proc. §§ 1525, 1646.  Plaintiff died, and, motion being made under section 757 of the Code, an order was made substituting Eugene Higgins, his devisee, in his place, and directing him to prosecute the action in accordance with the order vacating the prior judgment.  From this order Eugene Higgins appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Martin & Smith,* (*Aaron Pennington Whitehead,* of counsel,) for appellant.  *William H. Clark,* Corp. Counsel, (*E. J. Freedman,* of counsel,) for respondent.

PER CURIAM.  One Elias S. Higgins brought an action against the mayor to compel the determination of a claim to certain real property situated within this city, under the provisions of section 1638 of the Code.  The plaintiff was defeated in the action, and afterwards, on motion, the judgment in favor of the defendant was vacated, pursuant to the provisions of sections 1525 and 1646 of the Code.  The plaintiff paid all the costs of the judgment.  The plaintiff having died, and having devised the subject-matter of the suit to one Eugene Higgins, this motion was made under section 757 of the Code,

---

to substitute Eugene Higgins, his devisee, in his place, and compel him to proceed with the action. Against the objection of said Eugene Higgins the court made the order which is appealed from. The principal ground urged in support of the appeal is that no case can be found in which the devisee of a deceased plaintiff has been compelled to come into court against his will and litigate the title to lands. Section 757 of the Code provides that, in case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court must, upon a motion, allow or compel the action to be continued by or against his representative or successor in interest. Eugene Higgins has beyond question succeeded to the interest of the deceased plaintiff in the subject-matter of this action, and would therefore seem to come within the provisions of this section of the Code. It cannot be that litigations which are instituted by the owners of real estate for the purpose of determining the claims thereto can be relieved from all the effects of such litigation, provided they have not been finally determined, by reason of their death. There can be no question that, had the said Eugene Higgins, the devisee of the plaintiff, elected to proceed with this action, he would have been entitled as a matter of right to have been substituted, and to have derived all the benefits which might have accrued from a favorable adjudication thereon. Now, can it be said, because the adjudication has been adverse, that, therefore, he cannot be brought in as the successor in interest, and be bound by such adjudication? The claim that the order appealed from deprives the appellant of a new trial of this action, which he is entitled to under the provisions of the Code, had this action never been commenced by his predecessor in title, does not seem to have any weight, because, when he takes the devise, he takes it subject to the incumbrances which his predecessor placed upon it, and one of those incumbrances is the pendency of this action brought to determine a claim of title to that property. The appellant seems to come clearly within the provisions of the Code, and therefore the order was properly made, and should be affirmed, with $10 costs and disbursements.